IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **GLORIA SWEENEY,**<br>*Plaintiff*<br><br>-vs-<br><br>**DD&S EXPRESS, INC. ET AL.,**<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **6:23-CV-00233-ADA-DTG** |

### ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE [ECF NO. 3]

    This matter arises from an alleged automobile accident that Plaintiff contends to have occurred on August 30, 2021. On March 14, 2023, Plaintiff filed her Original Petition alleging negligence and other claims against Defendant in the 369th Judicial District Court in Leon County, Texas. Plaintiff's action named DD&S Express, Inc., as a Defendant, as well as JOHN DOE, who was allegedly acting within the course and scope of employment as a driver with Defendant DD&S Express. The case was removed to this Court on March 31, 2023. ECF No. 1. Before the Court is Defendant's Motion to Bifurcate Trial Under Texas Civil Practice & Remedies Code Chapter 72, also filed March 31, 2023. ECF No. 3.

    Defendant requests trial to be bifurcated into two phases, whereby the first phase is limited to "whether the unidentified driver was negligent in the operation of a commercial vehicle along with Plaintiff's damages," but not to include evidence of violations of regulations or standards unless those violations are proven to be casually relevant. ECF No. 3 at 2. Texas statutory law provides that "on motion by a defendant, the court shall provide for a bifurcated trial," in which the "trier of fact shall determine liability for and the amount of compensatory damages in the first phase," and "exemplary damages in the second phase of a bifurcated trial under this section." Tex.

Civ. Prac. & Rem. Code § 72.052(d). A "claim for exemplary damages . . . relating to the defendant's failure to comply with . . . regulations or standards" may generally be raised in the "second phase of a bifurcated trial," *id.* § 72.053(c), or in the first phase of trial if certain elements are met, *id.* § 72.053(b) (proximate cause, element of the duty of care). Defendant's motion is premised exclusively on an application of Chapter 72 of the Texas Civil Practice & Remedies Code.

The Court does not find that it is not required to bifurcate under the Texas Civil Practice & Remedies Code. Under the Erie doctrine federal courts apply state law when addressing state law claims but apply federal law to procedural matters. *Robison v. Rock Haulers, LLC*, No. 4:22-CV-188, 2023 WL 2170785, at *1 (E.D. Tex. Feb. 22, 2023) (citing *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047 (5th Cir. 1990)). The Federal Rules of Civil Procedure give federal courts discretion about whether to bifurcate a trial for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Three other federal courts have concluded that Rule 42(b) controls over section 72.052, and this Court is aware of no authority concluding otherwise. *E.g.*, *Robison v. Rock Haulers*, 2023 WL 2170785, at *2; *Trejo-Munoz v. Henderson*, 615 F. Supp. 3d 558, 562 (S.D. Tex. 2022); *Leonor Perez & Felipe Varela, Jr. v. Roman*, No. 1:21-CV-187, 2022 WL 20717362, at *1–2 (S.D. Tex. June 8, 2022). The Court finds that its decision to bifurcate this case is governed by the Federal Rules of Civil Procedure.

Considering the substance of Defendant's request under the discretionary standard of Rule 42, this Court does not find that bifurcation at this time will serve convenience, avoid prejudice, or expedite and economize. Fed. R. Civ. P. 42. The Court finds that this case is at an early stage where a decision on bifurcation would be premature. Following removal there has been very little activity in this case. The Court believes that submission of a Rule 26(f) report and entry of a

scheduling order setting a trial date take priority over determining if a trial is to be bifurcated. Also, discovery might reveal that the JOHN DOE defendant destroys diversity jurisdiction. As required by statute, the Court disregards the citizenship of the John Doe defendant. 28 U.S.C. § 1441(b)(1) (stating that "In determining whether a civil action is removable . . . , the citizenship of defendants sued under fictitious names shall be disregarded."). If the John Doe defendant and its citizenship becomes known, it could defeat diversity. *Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 624 (5th Cir. 2019) (holding that "federal diversity jurisdiction is defeated so long as, after removal, fictitious defendants are replaced with nondiverse, named defendants.").

Given the early stage of this case, the Court **DENIES** Defendant's motion to bifurcate the trial (ECF No. 3) **WITHOUT PREJUDICE** to refile at a later time.

The Parties are also **ORDERED** to meet and confer, and on or before February 14, 2024, submit a report as required by Rule 26(f) in the form provided by Local Rule Appendix N and a proposed scheduling order in the format contained under the Standing Orders portion of the undersigned's biography on the Court's website.

**IT IS SO ORDERED.**
**SIGNED** this 31st day of January, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE